**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                                                                   TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                                                    FAX (605) 224-9020


March 31, 2006


Rick A. Mickelson, Esq.
Counsel for Debtor
300 North Dakota Avenue, Suite 608
Sioux Falls, South Dakota   57104

        Subject:  *In re Deborah R. Oberg*,
                  Chapter 13; Bankr. No. 05-40387

Dear. Mr. Mickelson:

     The matter before the Court is the fee application filed by Rick A. Mickelson, counsel for Debtors. This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Attorney Mickelson will be awarded $496.52 in fees for his Chapter 13 services for Debtor.  His unpaid post-petition Chapter 7 services are a general unsecured claim against the estate.

     *Summary*.  Deborah R. Oberg ("Debtor") filed a Chapter 7 petition in bankruptcy on March 24, 2005.  Her attorney was Rick A. Mickelson. He filed a disclosure of compensation indicating he had been paid $791.56 ($550.00 for compensation and $241.06 for the filing fee and sales tax) for Chapter 7 fees through the meeting of creditors.  Post-petition, Debtor needed to amend the mailing list of creditors.  She was also faced with a motion to dismiss under 11 U.S.C. § 707(b) by the United States Trustee.  Debtor voluntarily converted her Chapter 7 case to a Chapter 13 case on July 5, 2005.

     Post-confirmation, Debtor amended two schedules and proposed a plan.  The objections to the plan were eventually resolved and a confirmation order and Plan as Confirmed were entered November 10, 2005.

     On February 23, 2006, Attorney Mickelson filed and noticed his fee application.  He sought $703.15 for compensation of services and $41.63 for sales tax on fees. He did not seek any expenses. He

In re Oberg
March 31, 2006
Page 2

included as an attachment to his application an itemization of services, which he later amended to provide more detail. This itemization, as amended, provided:

| DATE | PROFESSIONAL SERVICES | ATTORNEY | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 3/23/2005 | Chapter 7 Bankruptcy | | 1 | 550.00 | 550.00 |
| 4/1/2005 | Amend mailing list to correct address of creditor | | 0.25 | 93.75 | 23.44 |
| 5/9/2005 | Office conference with Deb to discuss response to letter from case trustee | | 0.5 | 93.75 | 46.88 |
| 6/6/2005 | Send letter to case trustee | | 0.25 | 93.75 | 23.44 |
| 6/13/2005 | Review Trustee's motion to dismiss, contact Deb to discuss | | 0.5 | 93.75 | 46.88 |
| 6/21/2005 | Office conference with Deb to discuss U.S. Trustee's Motion to Dismiss | | 1 | 93.75 | 93.75 |
| 7/5/2005 | Draft and file Motion to Convert to Chapter 13 and Proposed Order | | 0.5 | 93.75 | 46.88 |
| 7/7/2005 | Draft Amendment to Schedule I and J and Chapter 13 Plan, office conference with Deb to sign Amendment to Schedule I and J, file Amendments and Plan, send Amendments and Plan to parties in interest | | 2.5 | 93.75 | 234.38 |
| 8/3/2005 | Attend 341 Meeting | | 1 | 93.75 | 93.75 |
| 9/6/2005 | Attend confirmation hearing | | 1 | 93.75 | 93.75 |

Fees for pre-petition services, which were not itemized, were $550.00. Post-petition, pre-conversion services totaled $234.39, and post-conversion services, including preparation of the motion to convert, totaled $468.76.

*Discussion*. As discussed more fully in *In re David A. Schweinforth*, Bankr. No. 02-40446, slip op. (Bankr. D.S.D. Jan. 26. 2006), Chapter 7 fees can no longer be paid from the bankruptcy estate. *Id*. at 2-3. If the case converts from Chapter 7 to Chapter 13,

> the result changes. The attorney's fees for Chapter 7 bankruptcy-related services rendered pre- and post-petition are treated a bit differently. While they still cannot be paid from the estate as an administrative expense, the Chapter 7 fees are an unsecured claim against the estate. 11 U.S.C. §§ 348(a) and (d).

*Id*. at 3.

Here, the fees owed to Attorney Mickelson for his unpaid Chapter 7 services are $234.39 plus sales tax of $13.87. He may file a proof of claim for these fees.

In re Oberg
March 31, 2006
Page 3

    Attorney Mickelson's Chapter 13 services, which may be paid from the estate as an administrative expense, are $468.76 plus sales tax of $27.76.  This total of $496.52 may be paid pursuant to the terms of Debtor's confirmed plan.

    An appropriate order will be entered.

                                          Sincerely,

                                          Irvin N. Hoyt
                                          Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota